IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-00592 |
| | § | |
| EDUARDO HERNANDEZ CASTELLANOS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Eduardo Hernandez Castellanos's Motion to Dismiss Indictment ("Motion to Dismiss" or "Motion") [Doc. # 19]. The Government filed a response,[1] and Hernandez replied.[2] The Motion is now ripe for decision. Based on the parties' briefing, relevant matters of record, and pertinent legal authority, the Court **denies** the Motion.

## I.   BACKGROUND

Defendant Eduardo Hernandez Castellanos, a citizen of Mexico, is charged by indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. Indictment [Doc. # 1]. Castellanos was admitted into the country in 1972

---

[1]   The United States' Opposition to Defendant Eduardo Hernandez Castellanos' Motion to Dismiss the Indictment ("Response") [Doc. # 21].

[2]   Defendant's Reply to Government's Response to Defendant's Motion to Dismiss Indictment ("Reply") [Doc. # 22].

as a Legal Permanent Resident. On September 4, 2007, Castellanos pleaded guilty and was sentenced to 9 months in Texas state prison for possession one gram of heroin. *See* Doc. # 21-2.

On February 26, 2008, Castellanos was released from Texas-state prison into custody of Immigration and Custom Enforcement ("ICE") officials. On February 29, 2008, Castellanos received form I-862, tiled Notice of Appear ("NTA"), notifying him of his immigration hearing before an Immigration Judge ("IJ"). Notice to Appear dated February 29, 2008 [Doc. # 21-4]. The NTA stated that Castellanos's immigration hearing would be held at a time and date "to be set." Castellanos signed the NTA and requested an expedited hearing, waiving his right to the 10-day waiting period. Without leaving ICE custody, Castellanos attended his deportation hearing, which was held on March 14, 2018. After the hearing, the IJ ordered Castellanos deported to Mexico, and Castellanos left the United States on March 18, 2008.

The 2008 removal order has been reinstated three times—once in 2012, 2013, and 2018. Most recently, on November 19, 2017, Castellanos was discovered in Hidalgo County Texas, and indictment was filed against him charging him with illegal reentry. Castellanos moves to dismiss this indictment.

## II. DISCUSSION

Castellanos argues that the 2008 order of removal is void and thus cannot support a § 1326 conviction. Castellanos's fundamental argument is that the IJ lacked subject matter jurisdiction to issue the 2008 removal order because the NTA failed to specify a date and time for the removal proceedings. Castellanos submits that under federal statute, regulation, and the Supreme Court's recent decision in *Pereira v. Sessions*, NTAs *must* provide notice of the date and time of the removal proceedings to be valid and to vest jurisdiction in the immigration court. *See Pereira v. Sessions*, 138 S. Ct. 2105, 2110-14 (2018). District courts across the country have grappled with similar challenges and reached different conclusions.

The Court concludes that Castellanos's challenge does not warrant dismissal of the indictment because Castellanos's collateral attack on the 2008 removal order is barred by 8 U.S.C. § 1326(d). Consequently, the Court **denies** Castellanos's Motion.

### A. Section 1326(d) Bars Castellanos's Collateral Attack

Section 1326(d) limits the ability of defendants charged with illegal reentry to collaterally attack an underlying deportation order. A defendant may not challenge the validity of the underlying removal order unless he demonstrates three separate things: (1) he has exhausted any administrative remedies that may have been available to seek relief against the order; (2) the removal proceedings

3

resulting in the order deprived the defendant of the opportunity for judicial review; and (3) the entry of the underlying order was fundamentally unfair. 8 U.S.C. § 1326(d); *United States v. Garrido*, 519 F. App'x 241, 242 (5th Cir. 2013) (per curiam); *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002). The defendant must establish all three prongs to prevail; the failure to prove one is fatal to his challenge. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003) (setting forth the same three factors as § 1326(d); *United States v. Cordova-Soto*, 804 F.3d 714, 718 (5th Cir. 2015). Castellanos fails to satisfy § 1326(d)'s third prong—that the underlying proceedings were "fundamentally unfair."

To demonstrate the underlying proceedings were "fundamentally unfair," a defendant must show "actual prejudice," meaning "there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." *See Mendoza-Mata*, 322 F.3d at 832 (quoting *United States v. Benitez-Villafuerte*, 186 F.3d 651, 659 (5th Cir. 1999)); *Garrido*, 519 F. App'x at 242 ("To show actual prejudice, the alien must establish that, but for the errors of which he complains, there is a reasonable likelihood that he would not have been deported."). The "errors complained of" here were the NTA's failure to specify the date and time of an immigration hearing. However, Castellanos in fact appeared at the hearing. *See Mendoza-Mata*, 322 F.3d at 832.

Castellanos fails to demonstrate, or even argue, that had he received an NTA with a hearing date and time, he would not have been deported. Castellanos requested an expedited removal hearing and was present at that hearing. There is no indication in the record that had the NTA included the date and time for the removal hearing, the outcome would have been different. Castellanos does not demonstrate the entry of the removal order was fundamentally unfair. He is therefore barred from collaterally attacking his 2008 removal order. *See United States v. Lara-Martinez*, CR H-18-647, 2018 WL 6590798, at *3 (S.D. Tex. Dec. 14, 2018) (denying motion to dismiss indictment based on § 1326(d)'s bar when the defendant requested an expedited hearing, which was held with defendant present, and nothing in the record indicated that, if the NTA had included the date and time, the proceeding would not have resulted in the defendant's removal).

**B. Jurisdictional Attacks Are Not Exempt from § 1326(d)'s Strictures**

Castellanos argues that because his collateral attack is based on lack of subject matter jurisdiction, it is exempt from § 1326(d)'s strictures. Castellanos cites no Circuit or Supreme Court authority to support his contention, but at least two district courts in this Circuit have been persuaded not to apply § 1326(d) to jurisdictional attacks akin to Castellanos's. *See United States v. Tzul*, 345 F. Supp. 3d 785, 788 (S.D. Tex. 2018) (Ellison, J.); *United States v. Cruz-Jimenez*, No. A-

5

P:\ORDERS\11-2018\592MDism.docx 190426.0921

17-CR-00063-SS, 2018 WL 5779491, at *2 (W.D. Tex. Nov. 2, 2018) (Sparks, J.), *appeal filed*, No. 18-50943 (5th Cir. Nov. 8, 2018). To reach their conclusion, the *Tzul* and *Cruz-Jimenez* courts relied on Fifth Circuit authority that "*any* judgment may be collaterally attacked if it is void for lack of jurisdiction." *Jacuzzi v. Pimienta*, 762 F.3d 419, 420 (5th Cir. 2014) (per curiam) (alteration in original); *In re Reitnauer*, 152 F.3d 341, 344 (5th Cir. 1998) ("It is true that (1) jurisdictional defects render a judgment void, and (2) void judgments are subject to collateral attack."). The Court is not persuaded these Fifth Circuit precedents avail Castellanos.

*Jacuzzi* and *Reitnauer* stand only for the proposition that lack of jurisdiction is always a *basis* for a collateral attack. This insight does not resolve the question of what *standard* to apply to a collateral attack based on a jurisdictional defect. For example, a civil litigant collaterally attacking a final civil judgment will not prevail by merely demonstrating a jurisdictional defect. Rather, she must show the defect was "exceptional"—*i.e.*, "the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

In this case, the Court must decide what standard applies to collateral attacks on removal orders based on lack of subject matter jurisdiction. Congress has seen fit to impose requirements on collateral attacks against prior removal orders,

without excepting jurisdictional attacks. Castellanos, *Tzul*, and *Cruz-Jimenez* offer no basis—statutory or otherwise—to conclude that jurisdictional attacks are exempt from § 1326(d)'s strictures, and thus the Court concludes that Castellanos's collateral attack must satisfy § 1326(d)'s three prongs.

### III. CONCLUSION AND ORDER

Because Castellanos has failed to satisfy § 1326(d)'s three requirements, his attack on the prior removal order is barred. Castellano's Motion to Dismiss the indictment fails. It is therefore

**ORDERED** that Defendant's Motion to Dismiss Indictment [Doc. # 19] is **DENIED**.

SIGNED at Houston, Texas, this 26th day of **April, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE